Frankie J. BRANHAM, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–193.

United States Court of Veterans Appeals.

Submitted Oct. 22, 1990.

Decided Dec. 7, 1990.

Ronald L. Smith, Washington, D.C., was on the brief, for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, and R. Randall Campbell, Washington, D.C., were on the brief, for appellee.

Before MANKIN, HOLDAWAY and IVERS Associate Judges.

MANKIN, Associate Judge:

In this case the Court is called upon to consider for the first time an appeal involving the Department of Veterans' Affairs' (VA) Home Loan Guaranty Program. *See* 38 U.S.C. §§ 1801–1851 (1988 & Supp. I 1989). The Home Loan Guaranty Program was originally established in the Service-men's Readjustment Act of 1944, Pub.L. 78–346, 58 Stat. 291 (1944).

Jurisdiction of the Court is founded upon 38 U.S.C. § 4052 (1988).

Through the assistance of the VA Home Loan Guaranty Program appellant was able to purchase a new home. Three months after he purchased his house appellant sold it, apparently at a profit. Appellant, however, failed to secure a release from the VA for liability on the home loan. When the new purchaser defaulted, the VA, as guarantor on the note, was required to pay over $27,000 in deficiency costs and attendant expenses. Appellant's counsel now contends that the VA should not be allowed to recoup its loss by withholding his disability benefits. "The [Servicemen's Readjustment Act of 1944] affords an independent right of indemnity to the Veterans' Administration." *United States v. Shimer*, 367 U.S. 374, 387, 81 S.Ct. 1554, 1562, 6 L.Ed.2d 908 (1961). Appellant contends that withholding disability benefits to collect the debt is violative of "equity and good conscience" and is therefore not allowed under 38 C.F.R. § 1.965(a) (1989). The BVA determined that "equity and good conscience" would not be violated by withholding appellant's benefits.

■ In his brief to this Court, appellant's counsel argued that the VA abused its discretion in refusing to release appellant from liability when he sold his house to a new buyer. Counsel contends that the Court may review this claim because "all decisions by the VA leading to the decision to collect the debt here at issue, may be raised in this appeal." Br. at 20. This contention is fallacious. This issue is not properly before the Court, it not having been raised at the BVA. Counsel is cautioned against raising issues unconnected to the BVA decision appealed.

■ Contrary to the assertions of the parties, our review of the determination concerning equity and good conscience is not governed by the "clearly erroneous" standard of 38 U.S.C. § 4061(a)(4) (1988); rather, we review the BVA's determination under 38 U.S.C. § 4061(a)(3)(A), (B), (C), and (D). Under that standard we see no grounds to disturb the decision of the BVA. The Court is also satisfied that the BVA decision fully satisfies the "reasons or bases" requirement of 38 U.S.C. § 4004(d)(1) (1988). *See Gilbert v. Derwinski*, 1 Vet. App. 49 (1990). Accordingly, the decision of the BVA is affirmed.