Charles W. TRAVELSTEAD, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 89–5.

United States Court of Veterans Appeals.

Submitted June 14, 1990.

Decided July 3, 1991.

Order on Denial of Reconsideration and Review En Banc Sept. 12, 1991.

Charles W. Travelstead, pro se.

Raoul L. Carroll, Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and R. Randall Campbell, Washington, D.C., were on the brief, for appellee.

Before NEBEKER, Chief Judge, and MANKIN and HOLDAWAY, Associate Judges.

MANKIN, Associate Judge:

## SUMMARY

This case involves the Department of Veterans Affairs (VA) Home Loan Guaranty Program. Appellant seeks relief from the requirement to repay a debt established against him by the United States Government pursuant to a VA home loan guaranty agreement. The VA established a debt against appellant after the party to whom he sold his residence defaulted on his loan obligations resulting in a foreclosure sale of the property. Appellant sold the property subject to the guaranty and did not obtain a release from the VA prior to sale pursuant to 38 U.S.C. § 1813(a) (1988). He applied for a waiver of liability pursuant to 38 U.S.C. § 3102 (1988), which was denied by the Board of Veterans' Appeals (BVA or Board). Appellant appeals the denial of a waiver to this Court. This Court finds that the BVA did not err in denying the waiver request. However, the BVA failed to address the issue of release from liability.

By order, we asked appellee to address the applicability of 38 U.S.C. § 1813 (1988) which deals with release from liability under a loan guaranty. Appellee responded by asserting that this Court could not consider whether appellant was entitled to a release from liability pursuant to § 1813 since this issue was never before the BVA. We find that the VA should have notified appellant of its decision to deny him a release from liability under the loan guaranty. We further find that the VA failed to correctly apply the release provision.

## FACTUAL BACKGROUND

In December of 1980, appellant, Charles W. Travelstead, applied for a Veterans' Administration (now Department of Veterans Affairs) (VA) home loan guaranty in the amount of $47,500 which was approved by the VA. The language in the home loan guaranty application stated, "The fact that you dispose of your property after the loan has been made WILL NOT RELIEVE YOU OF LIABILITY FOR MAKING THESE PAYMENTS." R. at 3. (emphasis in original). Other language elaborated the above warning and contained the instruction that,

[U]nless you are able to sell the property to a credit-worthy obligor who is acceptable to the VA and who will assume the payment of your obligation to the lender and the Veterans Administration, you will not be relieved from liability to repay any guaranty claim which the VA may be required to pay your lender on account of default in your loan payments.

*Id.* On January 16, 1981, Mr. and Mrs. Travelstead, co-obligors, then executed a mortgage in favor of Readbanc, Inc.

In 1984, the Travelsteads sold their home to a third party without obtaining a release from their underlying liability on the home loan. The third party eventually defaulted on the loan and reportedly sought protection in bankruptcy. Appellant was sent a letter dated February 26, 1987, informing him that foreclosure appeared probable on the VA guaranteed property. The letter informed appellant that he might be indebted to the United States for any amounts paid by the VA under the guaranty. A second duplicate letter was sent to appellant on September 28, 1987.

On August 25, 1987, the VA Regional Office (VARO) considered appellant for a release of liability under the loan guaranty by filling out a release from liability "check sheet". The VARO Officer checked a box which indicated that a release was not granted because the buyer defaulted on the mortgage during the first twelve months and was not a satisfactory credit risk. Appellant was not notified of this determination.

On December 1, 1987, an order confirming the foreclosure sale of the VA guaranteed property was entered. The proceeds from the foreclosure sale were insufficient to satisfy the outstanding loan indebtedness and the Government was required to pay a deficiency claim to the lender. Subrogated to the rights of the lender, the Government established a debt of $20,145.74 against appellant.

On November 18, 1988, appellant requested a waiver of the debt, essentially asserting that he was not at fault in the

creation of the debt and that repayment would cause financial hardship. Appellant also requested a personal hearing. A personal hearing was held on February 8, 1989. Appellant was informed by letter, dated February 21, 1989, that his request for a waiver had been denied. Appellant then filed a Notice of Disagreement by letter dated February 22, 1989. A BVA decision was issued on August 23, 1989, denying appellant's request for a waiver from indebtedness. An appeal to this Court followed. On appeal, appellant challenges the Board's denial of his request for a waiver of his loan guaranty debt.

## DISCUSSION

■ The law provides that the VA has the right of indemnity and subrogation when it has been required to make payment to a lender pursuant to a home loan guaranty. *See* 38 C.F.R. § 36.4323(a) (1990). Amounts paid by the VA under a home loan guaranty constitute a debt owed by the veteran to the United States. 38 C.F.R. § 36.4323(e) (1990). The United States Government may proceed to collect a debt established as described above, unless the veteran debtor obtains a release from liability under the guaranty pursuant to 38 U.S.C. § 1813 (1988) and 38 C.F.R. § 36.4323(f) (1990) or a waiver of liability pursuant to 38 U.S.C. § 3102 (1988) and 38 C.F.R. §§ 1.964 and 1.965 (1990).

This Court was originally asked to review the denial of appellant's application for a waiver of the debt established against appellant pursuant to the VA home loan agreement that he signed in 1984. The only issue considered by the BVA was: "Entitlement to waiver of recovery of a loan guaranty indebtedness." *Charles W. Travelstead,* loc. no. 922366, at 1 (BVA Aug. 23, 1989). Both sides briefed the waiver issue on appeal to this Court. A review of the record, however, reveals that on August 25, 1987, a VARO considered whether appellant should be entitled to a release of liability under the guaranty pursuant to 38 U.S.C. § 1813 (previously codified at § 1817). On December 13, 1990, this Court issued an order requesting that appellee file a supplemental memorandum addressing the relevance of 38 U.S.C. § 1813 to this case and if relevant, whether remand for a determination under § 1813 would be in order.

■ Appellee responded to the Court's order with various assertions, one of which was, "It is our position that § 1813 is not dispositive of the instant appeal, inasmuch as entitlement to a release from liability was not raised below by the appellant or properly perfected for appeal to the Court." Appellee's Supplemental Memorandum at 1. To state that the Court may not look at the release issue because the BVA did not consider it is a misstatement of this Court's role in the appellate review process. This Court's jurisdictional statute, 38 U.S.C. § 4052(b) (1988), states that "[r]eview in the Court shall be on the record of proceedings before the Administrator and the Board." In this case the record reveals that someone at the VARO considered appellant for a release of liability and decided that he was not entitled to such a release. R. at 52. Therefore, the issue of whether appellant should be entitled to a release from liability pursuant to 38 U.S.C. § 1813 was before the "Administrator" and we have the authority to review appellant's entitlement to such a release. Additionally, this Court has the authority to look at the record before the BVA and necessarily to decide whether something should have been before the BVA. When the BVA makes a decision (implicitly or explicitly) not to deal with an issue considered at the VARO level, then that decision not to decide an issue is a decision by the BVA which is properly before this Court.

Additional authority to consider the applicability of the release provision is derived from this Court's "scope of review" statute, 38 U.S.C. § 4061(a)(1) (1988). Section 4061(a)(1) allows this Court, to the extent necessary to a decision and when presented, to "decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions and determine the meaning or applicability of the terms of an action of the Administrator." Our re-

view of how the release provision of 38 U.S.C. § 1813 was applied or how it should be applied falls into the category of permissible actions under 38 U.S.C. § 4061(a)(1).

Appellee invited the Court's attention to our previous decision in *Branham v. Derwinski*, 1 Vet.App. 93 (1990), in which we stated that we could not rule on whether the VA abused its discretion in refusing to release the appellant from liability under a loan guaranty when he sold his property to a new buyer, because the issue had not been raised before the BVA. Appellee seems to be asserting that in accordance with *Branham* we should likewise refuse to look at the release issue in this case. Appellee does however, state, "[A]lthough in *Branham* the veteran's attorney, not the Court as here, first raised the issue, we urge that distinction is not significant, and that *Branham* is controlling." Appellee's Supplemental Memorandum at 4. The Court finds the fact that appellant did not raise the issue to be indeed significant. In *Branham* the appellant had requested a release from liability prior to sale, which was then denied. In *Branham* the veteran had the opportunity to appeal the denial of his request for a release of liability but this issue was not carried through to the BVA. The only issue before the BVA on appeal was whether the appellant was entitled to a waiver. The record reveals that here, unlike in *Branham,* the appellant did not apply for a release from liability and appellant was also not notified that he was considered for and denied a release from liability pursuant to 38 U.S.C. § 1813. We find the fact situation in *Branham* to be substantially different from the case at bar and therefore not controlling.

■ In the case before the Court, the record reveals that someone at the VARO considered appellant for a release of liability and decided that he was not entitled to a release. R. at 52. There is no evidence in the record, nor has appellee indicated in its brief that appellant was ever notified that he was considered for and denied a release from liability under the guaranty. The VA is required by statute to provide notice of its decisions affecting claimants. Title 38 § 3004 (1988) provides:

(a)1(1) In the case of a decision by the Secretary under section 211(a) of this title affecting the provision of benefits to a claimant, the Secretary shall, on a timely basis, provide to the claimant (and to the claimant's representative) notice of such decision. The notice shall include an explanation of the procedure for obtaining review of the decision.

(2) In any case where the Secretary denies a benefit sought, the notice required by paragraph (1) of this subsection shall also include (A) a statement of the reasons for the decision, and (B) a summary of the evidence considered by the Secretary.

1 No Subsec. (b) has been enacted

The VA Supplemental Memorandum states that, "[a]fter learning of the proposed foreclosure on the subject property in 1987, the VA reviewed the situation to determine whether a release from liability would be warranted." VA Supplemental Memorandum at 3. The VA Supplemental Memorandum only refers to the consideration of the release issue in a passing way, after which it concludes that this issue was not before the BVA and therefore is not relevant to this appeal. It never discusses in what manner the Regional Office considered this evidence or why the issue was not then properly before the BVA. The VA memorandum never mentions the fact that appellant was never notified of the decision to deny him a release from liability under the guarantee.

## APPLICATION OF § 1813

■ This Court further finds that the VARO misapplied the law when it considered whether appellant should be entitled to a release from liability under the home loan guaranty. Section 1813(a) provides that the VA may, upon application by the veteran at the time of transfer, release him from liability under a guaranty when he disposes of the subject property, provided that the VA determines, after investigation, that certain conditions are met. Section 1813(b) also provides for the granting of release after transfer. It states that the

VA (Secretary) may relieve a veteran from liability,

> if the Secretary determines, after such investigation as the Secretary deems appropriate, that the property was disposed of by the veteran in such a manner, and subject to such conditions, that the Secretary would have issued the veteran a release from liability under section (a) with respect to the loan if the veteran had made application therefor incident to such disposal.

38 U.S.C. § 1813(b).

Section 1813(b) clearly requires the VA to look at the situation as it existed at the time of transfer when deciding whether a veteran would have been entitled to a release had he applied for one incident to the disposal of the property subject to the guaranty. The document in the record which is titled a "check sheet for release of liability" (R. at 52) indicates that the VA's decision as to whether appellant should be entitled to a release from liability was not made in accordance with 38 U.S.C. § 1813(b). The "check sheet" reveals that the release was denied because the transferee who assumed the mortgage defaulted during the first twelve months and was, therefore, not a satisfactory credit risk. (The VA adjudication officer checked a box which indicated that appellant should not be entitled to a waiver because the "[t]ransferee who assumed defaulted during 1st 12 mos; not considered satisfactory risk." R. at 52.) The law requires the VA to look at the facts as they existed at the time of transfer, not after transfer, in order to determine whether a veteran would have been entitled to a release from liability had he applied for it. We trust that the VA will change this form to eliminate the legally incorrect language and that determinations as to eligibility for a release of liability under a guaranty will thereafter be made in accordance with the law.

## CONCLUSION

We remand the case to the BVA so that it may order the proper adjudication of appellant's entitlement to a release of liability under a loan guaranty, pursuant to 38 U.S.C. § 1813, and to apply 38 U.S.C. § 1813(b), looking at the facts as they existed at the time of transfer. IT IS SO ORDERED.

Before NEBEKER *, Chief Judge, and KRAMER **, FARLEY, MANKIN *, HOLDAWAY *, IVERS, and STEINBERG, Associate Judges.

## ORDER

PER CURIAM.

On July 3, 1991, this matter was ordered remanded with instructions to the Board of Veterans' Appeals by a three-judge panel. On July 17, 1991, the Secretary of Veterans Affairs filed a motion for reconsideration by the panel or, in the alternative, for review *en banc*. Upon consideration of the Secretary's motion for reconsideration, it is by the panel *

ORDERED that the motion for reconsideration is denied. A failure by the Board to address a revelant issue in a final decision is, in itself, subject to review under 38 U.S.C. § 7252(a) (formerly 4052(a)) since such failure falls within the Court's scope of review under the provisions of 38 U.S.C. § 7261(a)(2) (formerly 4061(a)(2)). *See also Environmental Defense Fund, Inc. v. Hardin*, 428 F.2d 1093, 1099 (D.C.Cir.1970) ("when administrative inaction has precisely the same impact on the rights of the parties as denial of relief, an agency cannot preclude judicial review by casting its decision in the form of inaction rather than in the form of an order denying relief").

It is by the Court *en banc*

ORDERED that the motion for review *en banc* is denied, no judge having called for a vote on the motion. The Clerk will withdraw the judgment entered on August 5, 1991, and enter judgment on the date of this order. U.S. Vet.App.R. 35(b).

** KRAMER, Associate Judge, did not take part in