Angelina S. FONSECA, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–9.

United States Court of Veterans Appeals.

Submitted Dec. 16, 1991.

Decided Jan. 6, 1992.

Angelina S. Fonseca, pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Dean E. Sharp, Washington, D.C., were on the pleadings, for appellee.

Before IVERS, Associate Judge.

## MEMORANDUM DECISION

IVERS, Associate Judge:

Appellant, Angelina S. Fonseca, seeks review of a May 31, 1990, decision of the Board of Veterans' Appeals (BVA or Board). In that decision, the BVA denied death pension benefits to appellant. The Board found that appellant's deceased husband's service in the organized guerrilla forces of the Government of the Commonwealth of the Philippines from February 3, 1945, to January 23, 1946, was not qualifying service under 38 U.S.C. § 107(a). Therefore, appellant was not eligible for a death pension under 38 U.S.C. § 1541(a) (formerly § 541(a)). The Court has jurisdiction of the case under 38 U.S.C. § 7252(a) (formerly § 4052(a)).

Section 107(a) of Title 38, United States Code states:

**§ 107. Certain Service Deemed not to be Active Service**

(a) Service before July 1, 1946, in the organized military forces of the Government of the Commonwealth of the Philippines, while such forces were in the service of the Armed Forces of the United States pursuant to the military order of the President dated July 26, 1941, including among such military forces organized guerrilla forces ... shall not be deemed to have been active military, naval, or air service for the purposes of any law of the United States conferring rights, privileges, or benefits upon any person by reason of the service of such person or the service of any other person in the Armed Forces....

38 U.S.C. § 107(a) (1988).

Section 107(a) renders members of the Philippine Army and guerrilla forces who served before July 1, 1946, ineligible for non-service connected U.S. veterans benefits. *Cf. Quiban v. Veterans Admin.*, 928 F.2d 1154, 1158 (D.C.Cir.1991), *reh'g denied* (July 18, 1991). *See Dela Pena v. Derwinski*, 2 Vet.App. 80 (1992). After consideration of the supporting memoranda, appellant's informal brief, and a review of the record, it is the holding of the Court that appellant has not demonstrated that the BVA, in reviewing the former disposition of the claim, committed either factual or legal error which would warrant reversal or remand. The Court is also satisfied that the BVA opinion satisfies the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)). *See Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). It is further held that summary disposition is appropriate. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990).

Therefore, appellee's motion for summary affirmance is GRANTED and the decision of the BVA is summarily AFFIRMED.