**David J. HUGHES, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–507.**

United States Court of Veterans Appeals.

May 5, 1992.

Before FARLEY, Associate Judge.

MEMORANDUM DECISION

FARLEY, Associate Judge:

In its decision of February 7, 1991, the Board of Veterans' Appeals (Board or

BVA) held that an acquired eye disorder was not incurred in or aggravated by service, nor was it proximately due to or the result of a service-connected disease or injury, and thus upheld the denial of appellant's claim to service connection. A timely appeal to this Court followed. On November 12, 1991, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief and for a stay of proceedings pending a ruling on this motion. On November 14, 1991, the Court received appellant's informal brief.

 In his informal brief, appellant first contends that the BVA erred in denying service connection for his acquired eye disorder, and claimed that the disorder resulted from a poorly performed septoplasty, or surgical reconstruction of the nasal septum, conducted while in service in 1987. *See* R. at 169. In concluding that appellant's present eye disorder, currently diagnosed as hyperopia, was developmental in nature, and not a result of the septoplasty, the Board made a factual determination. In reviewing a finding of fact made by the Board, the Court can only "hold unlawful and set aside such finding if the finding is clearly erroneous." 38 U.S.C. § 7261(a)(4) (formerly § 4061(a)(4)); *Gilbert v. Derwinski,* 1 Vet.App. 49, 52–53 (1990). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948); *see also Gilbert,* 1 Vet.App. at 52. In determining whether a finding is clearly erroneous, "this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot overturn them." *Gilbert,* 1 Vet.App. at 53. Here, the record is devoid of any evidence supporting appellant's contention or rebutting the Board's conclusion that the present eye disorder is developmental in nature and not a result of the surgical procedure performed in service.

 In his informal brief, appellant also asserts that his current 10% rating for a nasal and sinus condition should be increased, that the Board should have awarded a pension, and that the BVA should have awarded service connection for other disabilities, such as for a cardiovascular disorder, an ankle condition, bronchitis, and alcoholism. The jurisdiction of this Court is founded upon 38 U.S.C. § 7252 (formerly § 4052), which states that the Court "shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals" and that "[r]eview in the Court shall be on the record of proceedings before the Secretary and the Board." This Court does not have jurisdiction to hear issues that have not been raised before the Board. *See Branham v. Derwinski,* 1 Vet.App. 93 (1990). Because the other issues raised by appellant in his informal brief were not before the Board, and because the Board rendered no decision on them, the issues are not properly before this Court, and the Court lacks jurisdiction to rule on them.

Upon consideration of the record, appellant's informal brief, and the Secretary's motion for summary affirmance, it is the holding of the Court that appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal. *See Gilbert. See also Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States,* 899 F.2d 3 (Fed.Cir.1990). Summary affirmance is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *Frankel v. Derwinski,* 1 Vet.App. 23 (1990). Accordingly, the Secretary's motion for summary affirmance is granted and the decision of the Board of Veterans' Appeals is AFFIRMED. This decision is without prejudice to any future claims appellant may wish to bring before a Department of Veterans Affairs Regional Office or the Board on other claims, such as those raised by appellant in his informal brief.