Daniel P. HERLEHY, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–1916.

United States Court of Veterans Appeals.

Jan. 27, 1993.

---

Before KRAMER, Associate Judge.

MEMORANDUM DECISION

KRAMER, Associate Judge:

Appellant, Daniel P. Herlehy, appeals an August 27, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which denied service connection for certain cardiovascular conditions on the basis that these conditions were not secondarily caused by appellant's service-connected post-traumatic stress disorder (PTSD), denied an increased rating for PTSD currently rated at 50% disabling, and remanded the issue of individual unemployability attributable to PTSD to the agency of original jurisdiction for any action deemed appropriate. The Court has jurisdiction under 38 U.S.C. § 7252(a) (formerly § 4052(a)).

On appeal, appellant essentially contends that he is entitled to a 100% rating for PTSD predicated on entitlement to a 70% rating and unemployability, entitlement to both direct and secondary service connection for his cardiovascular conditions, and reversal of previous decisions of the BVA not presently on appeal to the Court. The Court has reviewed the record on appeal and the briefs of the parties.

██ Neither the issue of direct service connection for appellant's cardiovascular conditions nor the issue of error in previous BVA decisions was before the BVA when it rendered its decision which is the subject of the appeal, and therefore neither is properly before the Court. *See Branham v. Derwinski*, 1 Vet.App. 93, 94 (1990). As to the former, appellant's statements dated September 22, 1987 (R. at 494), February 6, 1990 (R. at 550–51), and March 26, 1990 (R. at 595–97), in support of his claim, make clear that he was only seeking, in the present case, secondary service connection. As to the latter, the Court has held that it only has jurisdiction to review challenges to BVA decisions, other than that on appeal, based on an averment of clear and unmistakable error which has been considered by the BVA in the decision on appeal. *See Russell v. Principi*, 3 Vet.App. 310 (1992). Based on the above, the Court will not entertain an appeal on these issues at this time.

██ As to the issue of a rating higher than 50% for PTSD, the Court finds that this issue is inextricably intertwined with the remanded issue of unemployability in that all disability ratings are primarily predicated on impairment in gainful employment. 38 U.S.C. § 1155 (formerly § 355); 38 C.F.R. §§ 4.1, 4.16(c) (1991); *see Harris v. Derwinski*, 1 Vet.App. 180, 183 (1991). Therefore, the issue of entitlement to a higher rating is not ripe for review. *See Harris*, 1 Vet.App. at 183. As a further consequence, however, the issue also was not ripe for review by the BVA, and therefore shall be readjudicated, upon remand, with the issue of unemployability.

██ Finally, as to the issue of secondary service connection for appellant's cardiovascular conditions, the Court notes the letters of Drs. Jay A. Yeomans and Brian Y. Changlai, and in particular the latter, a cardiologist, who stated that appellant's cardiovascular conditions are caused by PTSD. R. at 548–49. To rebut these letters, the Board relies on a treatise for the general proposition that there are multiple risk factors which can contribute to cardiovascular conditions. While this may be true, statements about risk factors, in general, simply do not rebut a specific opinion provided about a specific patient under a specific set of facts where that opinion does not appear to be inconsistent with the general proposition. In essence, when the BVA declared that "the evidence of record does not show a direct relationship between

the development of his cardiovascular disease and his subsequent stress and anxiety" (*Daniel P. Herlehy*, BVA 91–29740, at 4 (Aug. 27, 1991)), and "to assume that the veteran's organic disabilities were proximately caused by the service-connected post-traumatic stress disorder would be speculative" (*Herlehy*, BVA 91–29740, at 5), the Board provided its own medical opinion in violation of *Colvin v. Derwinski*, 1 Vet.App. 171, 174–75 (1991). These conclusions cannot be reasonably inferred simply from the general proposition cited by the BVA. As a consequence, the Court believes that the BVA should obtain a medical opinion, based on a thorough review of appellant's medical records, and, in its discretion, a medical examination of appellant, in which the probability that appellant's PTSD caused his cardiovascular conditions is assessed. 38 C.F.R. §§ 3.327, 3.328 (1991).

■ Summary disposition is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990). The decision of the BVA is vacated and remanded for proceedings consistent with this opinion.