**Donato M. PEÑA, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–889.

United States Court of Veterans Appeals.

July 12, 1993.

As Amended Aug. 9, 1993.

Donato M. Peña, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Michele Russell Katina, were on the pleadings, for appellee.

Before NEBEKER *, Chief Judge, and IVERS and STEINBERG, Judges.

NEBEKER, Chief Judge:

Appellant, Donato M. Peña, seeks review, under Rule 35, of this Court's March 9, 1993, single-judge decision * which summarily affirmed, in part, and vacated, in part, a January 3, 1991, Board of Veterans' ·Appeals (BVA) decision which denied his claim for entitlement to service connection of irritable bowel syndrome, peripheral neuropathy, ascariasis, and trichuriasis. The Court grants appellant's motion for review and vacates its memorandum decision affirming the BVA's decision. The Court affirms, in part, and remands, in part, the BVA decision.

I.

Appellant served in the armed forces from November 1941 to October 1942, including a period of internment as a prisoner of war (POW) from April 1942 to October 1942. He also served on active duty in August 1945. In 1985 the BVA denied his claim for, among other things, service connection for helminthiasis. R. at 35. On October 24, 1989, the Department of Veterans Affairs (formerly Veterans' Administration) (VA) Regional Office (RO) denied a claim for service connection of a urinary tract infection, malaria, cataracts, hypertension, pulmonary tuberculosis, ascariasis and trichuriasis, avitaminosis, malnutrition, irritable bowel syndrome, peripheral neuropathy, nervous disorder, and myopia. *See* R. at 55. The veteran filed timely a Notice of Disagreement with the RO's decision, but only as to irritable bowel syndrome, peripheral neuropathy, ascariasis, and trichuriasis. R. at 57, 65. The BVA subsequently affirmed the RO's action in the decision now before the Court.

II.

 The BVA found that the veteran did not have irritable bowel syndrome or peripheral neuropathy either in service or thereafter. *Donato M. Peña*, BVA 91–140, at 4 (Jan. 3, 1991). The Court must affirm the BVA's findings of fact where there is a plausible basis in the record. *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). Here, the record includes a September 19, 1989, report by the VA Outpatient Clinic, Manila, which concluded that the veteran had no residuals of irritable bowel syndrome. R. at 47. The record also includes a similar report which concludes that there is no clear evidence of a neurologic deficiency. R. at 52. The record provides a plausible basis for these findings of the BVA. Summary affirmance as to the issue of appellant's service connection of irritable bowel syndrome or peripheral neuropathy is appropriate. *Frankel v. Derwinski*, 1 Vet. App. 23 (1990).

 Appellant's claims for ascariasis and trichuriasis (both of which are types of intestinal worms) constitute, in substance, a claim for service connection for helminthiasis (the condition of having intestinal vermiform parasites). Unless there is affirmative evidence to the contrary, a veteran who has been a POW and manifests

helminthiasis to a degree of 10% or more shall be considered service connected for the disorder. 38 U.S.C.A. §§ 1112(b), 1113 (West 1991). The BVA previously denied a claim for service connection for helminthiasis. However, unlike most attempts to reopen a previously denied claim, a claim for entitlement to service connection for POW presumptive diseases does not require any new and material evidence to reopen; the claim must merely be well grounded. *Suttmann v. Brown*, 5 Vet.App. 127 (1993). Here, appellant has a diagnosis of intestinal parasites, R. at 47, and thus his claim is well grounded. The VA must either determine the current degree of the claimant's disability, *Proscelle v. Derwinski*, 2 Vet.App. 629, 632 (1992), or determine whether any affirmative evidence overcomes the POW presumption. 38 U.S.C.A. § 1113.

The Court also notes, in appellant's motion for review, his request that the Court consider other disabilities, including a peptic ulcer. The Court, however, will generally review only those issues raised before and considered by the BVA. *Branham v. Derwinski*, 1 Vet.App. 93 (1990). The issue of service connection for a peptic ulcer has not been raised before and adjudicated by the BVA and is thus not properly before this Court.

### III.

Upon consideration of the pleadings of the parties and the record on appeal, the Court holds that the veteran has not demonstrated that the BVA committed either factual or legal error which would warrant reversal of the BVA's decision as to appellant's claim for entitlement to service connection of irritable bowel syndrome or peripheral neuropathy. *Gilbert*, 1 Vet.App. at 53; *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States*, 899 F.2d 3 (Fed. Cir.1990). However, as to entitlement to service connection for ascariasis and trichuriasis, the VA is required to determine whether appellant has helminthiasis to a degree of 10% or more and, if so, whether

any affirmative evidence exists to overcome the presumption of service connection.

Therefore, the Secretary of Veterans Affairs' motion for summary affirmance is denied in part, and granted in part. The decision of the BVA as to appellant's entitlement to service connection for irritable bowel syndrome or peripheral neuropathy is affirmed. That portion of the BVA decision which addresses appellant's entitlement to service connection of ascariasis and trichuriasis is vacated, and that matter remanded for readjudication.