Henry F. HARRISON, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.

No. 90–545.

United States Court of Veterans Appeals.

Argued June 30, 1992.

Decided Dec. 11, 1992.

Alvin M. Guttman, Washington, DC, was on the brief for appellant.

Michael Leonard, with whom James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Deborah W. Singleton, Washington, DC, were on the brief, for appellee.

Before KRAMER, FARLEY and MANKIN, Associate Judges.

MANKIN, Associate Judge:

Appellant appeals from a March 20, 1990, decision of the Board of Veterans' Appeals (BVA or Board) which denied service connection for carcinoma of the right lung.

The Court has jurisdiction of the case under 38 U.S.C. § 7252(a) (formerly § 4052(a)).

The veteran had active service from March 1944 to November 1945. R. at 1, 134, 210. During service, he was assigned to duty at Nagasaki, Japan, where he decontaminated POW's by spraying them with DDT. R. at 134, 308. Appellant asserts that he did not wear protective clothing. R. at 134, 144, 252. He was examined upon discharge and found generally healthy. R. at 10. The record shows that since 1950, appellant has been briefly hospitalized on numerous occasions for treatment of upper pulmonary infection, bronchitis, influenza, bronchial asthma, pulmonary emphysema, and chronic obstructive pulmonary disease. R. at 11–13, 18–20, 31–34, et al. The record indicates a history of cigarette smoking. R. at 151, 154, 166, 207. In 1973, a cancerous lobe was removed from appellant's right lung. R. at 134. In 1980, appellant submitted a claim for compensation or pension for "cancer caused by exposure to atmospheric nuclear explosion in 1945." R. at 126–27. In May 1980, the Navy Nuclear Test Personnel Review determined that, due to the decay of radioactivity prior to the period of appellant's alleged exposure, "it is considered most unlikely that Mr. Harrison received any radiation exposure as a direct result of the [atomic] bombing." R. at 210. A study by the Defense Nuclear Agency states that "the Marine POW security force which was ashore in Nagasaki from 9–11 to 9–23–45 would have received a maximum total exposure of 0.15 rem gamma," less than from a clinical chest X ray under then-existing technology. R. at 212. In October 1980, a Veterans' Administration (now Department of Veterans Affairs) (VA) rating board denied appellant's claim for service connection for his lung cancer based on exposure to radiation. The decision included a comprehensive review of the veteran's medical history, but did not address the possibility of a relationship between the cancer and his exposure to DDT. R. at 242–47. On appeal, the BVA denied service connection for lung cancer on June 25, 1981. R. at 269. In January 1986,

appellant attempted to reopen his claim for consideration under the then recently enacted Veteran's Dioxin and Radiation Exposure Compensation Act of 1985, and its implementing regulation. Pub.L. No. 98–542, § 5, 98 Stat. 2727 (note under 38 U.S.C. § 1154(a)(2)); see 38 C.F.R. § 3.311b (1991). Service connection was denied by rating decision on November 23, 1989. R. at 301. The BVA affirmed in its decision of March 20, 1990, from which this appeal is taken.

A veteran who suffers delayed effects from exposure to ionizing radiation in service may qualify for service-connected disability benefits under 38 C.F.R. § 3.309 or section 3.311b. Lung cancer is not a presumptive disease for which service connection may be awarded under section 3.309. However, section 3.311b designates lung cancer as a radiogenic disease for compensation purposes, provided it is manifested five years or more after exposure. The durational requirement is satisfied here, because appellant's lung cancer was not manifested until 1973. Nevertheless, whether lung cancer resulted from exposure to ionizing radiation during service depends, inter alia, upon an assessment of the dose to which the veteran was exposed. 38 C.F.R. § 3.311b(e). Section 3.311b(a)(2) requires that the VA obtain dose information from the Department of Defense under the Nuclear Test Personnel Review Program. The regulation also provides that a veteran may submit a dose estimate from a credible source, which is referred to an independent expert for comparison. 38 C.F.R. § 3.311b(a)(3).

A determination regarding whether appellant's lung cancer was caused by radiation is a finding of fact that the Court must affirm unless that determination is found to be "clearly erroneous." 38 U.S.C. § 7261(a)(4) (formerly § 4061(a)(4)); see Lovelace v. Derwinski, 1 Vet.App. 73 (1990); Gilbert v. Derwinski, 1 Vet.App. 49, 52–53 (1990). In determining whether a finding is clearly erroneous, "this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible basis' in the

534

record for the factual determinations of the BVA ... we cannot overturn them." *Gilbert,* 1 Vet.App. at 53. Appellant did not submit a dose estimate. All of the dose information before the BVA supports its finding that "it is not reasonably possible that the veteran's lung cancer is etiologically or causally related to the minimal amount of ionizing radiation that he may have been exposed to during service." *Henry F. Harrison,* BVA 89–40556, at 7 (June 25, 1990). *See* 38 C.F.R. § 3.311b(c)(1)(ii). Appellant also contends that his carcinoma of the lung was caused by his exposure to DDT during service. The Board dismissed this claim as speculative, noting that the record contains no clinical evidence of evaluation or treatment for residuals of chemical exposure. Finally, as required by section 3.311b(e), the BVA considered the extent to which exposure to other carcinogens may have contributed to development of the disease and determined that appellant's heavy smoking was the most significant factor.

[3] The Court holds that there is a plausible basis in the record for the determination of the BVA that appellant's lung cancer was not caused by exposure to radiation or toxic chemicals. Appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal or remand. *Gilbert,* 1 Vet.App. at 49; *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States,* 899 F.2d 3 (Fed.Cir.1990). The Court is also satisfied that the BVA decision meets the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)), and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b) (formerly § 3007(b)). *See Gilbert,* 1 Vet.App. at 53–57. Accordingly, the March 20, 1990, decision of the Board is AFFIRMED.