**Peter A. PAPA, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–1703.**

United States Court of Veterans Appeals.

June 25, 1993.

Before STEINBERG, Associate Judge.*

**MEMORANDUM DECISION**

STEINBERG, Associate Judge:

█ The appellant, World War II veteran Peter A. Papa, appeals from a July 1,

1991, decision of the Board of Veterans' Appeals (BVA or Board) denying service connection for colon cancer and Paget's disease. (Paget's disease is "a generalized skeletal disease ... in which bone resorption [removal of bony tissue] and formation are both increased, leading to thickening and softening of the bones, and bending of weight-bearing bones", STEDMAN'S MEDICAL DICTIONARY 451, 1347 (25th ed. 1990).) Summary disposition is appropriate in this case because it is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet. App. 23, 25–26 (1990). The Court will affirm the BVA decision as to the two claims decided and remand an additional claim for development and adjudication.

## I. Background

The veteran had active service in the U.S. Marine Corps from May 1943 to January 1946. R. at 1. The Department of Defense has verified that his regiment had served in Nagasaki, Japan, from September 23, to November 9, 1945, shortly after the August 9, 1945, atomic-bomb detonation there. R. at 59. His service medical records do not reflect any complaints of or treatment for colon, rectum, or bone disorders.

In January 1988, the veteran filed with a Veterans' Administration (now Department of Veterans Affairs) (VA) regional office (RO) a claim for service connection for cancer of the rectum and Paget's disease, both of which he stated had resulted from in-service radiation exposure in Nagasaki, Japan. R. at 22. In support of his claims, the veteran submitted September and October 1985 private medical reports diagnosing him with Paget's disease of the left hip. R. at 14–15. In April 1988, he was examined at a VA hospital for complaints of rectal bleeding and an adenomatous polyp was found on his colon. R. at 35. In June 1988, he was diagnosed at a VA hospital with an adenocarcinoma of the colon, which

App. 252, 254 (1992).

---

* Note: This single-judge disposition is of no precedential value. *See Bethea v. Derwinski,* 2 Vet.

was then surgically removed. R. at 32. A July 1988 VA X ray revealed Paget's disease of the left hemipelvis. R. at 39.

In a September 1988 letter, the RO requested the veteran to submit any private medical records he had concerning his rectal bleeding since service. R. at 49. In October 1988, the veteran's wife submitted to the RO the names and addresses of physicians he had seen since service for that condition and stated that the veteran had had surgery for his rectal condition in 1948 and had subsequently received treatment for that condition on several occasions. R. at 53–54. The veteran's wife stated that she had called the hospital where the 1948 surgery was performed, but that the person she had spoken to was unable to tell her whether the records of that surgery were still on file. R. at 53. In a separate, undated, letter, the veteran's wife requested the RO to call that hospital to try to obtain copies of those records. R. at 55.

In March 1989, the RO submitted to the Defense Nuclear Agency (DNA) a request for verification of the veteran's in-service radiation exposure. R. at 58. In a May 1989 letter responding to that request, the DNA stated that the veteran's regiment had been stationed in Nagasaki, Japan, from September 23 to November 9, 1945. The DNA further stated that a DNA scientific study had determined that, using all possible "worst case" assumptions, the maximum possible radiation dose any service person could have been exposed to during the entire duration of the American occupation of Nagasaki from September 1945 to June 1946 was 1 rem and that it was probable that most of the occupation forces received no radiation exposure whatsoever. R. at 59.

In June 1989, pursuant to 38 C.F.R. § 3.311b(b)(iii) (1992), the RO sent the veteran's claims file to the VA Chief Benefits Director for consideration of the veteran's colon-cancer claim. R. at 61–63. In October 1989, pursuant to 38 C.F.R. § 3.311b(c)(1), the Chief Benefits Director requested an opinion from the VA Chief Medical Director. R. at 64. After review

of the veteran's claims file, the Chief Medical Director concluded that it was "highly unlikely" that the veteran's colon cancer could be attributed to exposure to ionizing radiation in service. R. at 65. The Chief Benefits Director then advised the RO that he had concluded that there was "no reasonable possibility" that the veteran's colon cancer was the result of in-service exposure to ionizing radiation. R. at 66. On March 6, 1990, the RO denied the veteran's colon-cancer and Paget's-disease claims. R. at 67.

In his March 26, 1991, VA Form 1–9 (Appeal to the BVA), the veteran requested the RO to seek to obtain the records of his 1948 surgery at a private hospital, and also inquired as to why the RO, in its March 1991 Statement of the Case, had not listed as evidence considered the several records of private medical treatment for a rectal condition that he had previously submitted. R. at 79. The record on appeal contains no RO response to that request and question.

In the July 1991 decision here on appeal, the Board concluded that the veteran's claim for service connection for colon cancer resulting from in-service radiation exposure was well grounded, but that, in view of the Chief Medical Director's opinion and the absence of evidence to the contrary, the weight of the evidence was against the claim. *Peter A. Papa*, BVA 91–20013, at 5 (July 1, 1991). With respect to the claim for service connection for Paget's disease, the Board found that the claim was not well grounded because there was no evidence of signs or symptoms of that disease until 1985, many years after service. *Id.* at 6. On appeal here, the appellant seeks reversal of the Board's decision as to each claim, asserting that the BVA erred in several respects in denying those claims, and further asserts that the Board erred in failing to adjudicate a claim for service connection for a condition manifested by rectal bleeding. The Secretary of Veterans Affairs (Secretary) seeks affirmance of the BVA decision, but states that he would not oppose a remand for development and adjudication of the rectal-condition claim.

## II. Analysis

### A. Colon–Cancer Claim Based on Radiation Exposure

In *Combee v. Principi*, 4 Vet.App. 78, 89–91, 94–95 (1993), the Court held that service connection may be awarded for a disease resulting from in-service exposure to ionizing radiation only as expressly provided in 38 U.S.C.A. § 1112(c) (West 1991) or 38 C.F.R. § 3.311b (1992). *But see Combee v. Brown*, 5 Vet.App. 248, 248–62, (1993) (Steinberg and Kramer, JJ., dissenting from order denying en banc review). Section 1112(c), as amended by the Veterans' Radiation Exposure Amendments of 1992, Pub.L. No. 102–578, § 2(a), 106 Stat. 4774 (1992), provides a presumption of service connection for 15 specified diseases becoming manifest at any time after service in a veteran who was exposed to certain specified types of nuclear-detonation ionizing radiation during service. *See Combee*, 4 Vet.App. at 87–88. However, colon cancer is not one of the specified diseases as to which the presumption applies.

Regulation § 3.311b provides a claim-review process to be followed when (1) the veteran was exposed to ionizing radiation during service, (2) the veteran subsequently developed one of the 17 diseases identified in that regulation as "radiogenic diseases", and (3) the radiogenic disease becomes manifest within the time period specified in the regulation as to such disease. 38 C.F.R. § 3.311b(b)(1). Colon cancer is identified as a radiogenic disease under the regulation, 38 C.F.R. § 3.311b(b)(2)(x), and the regulatory § 3.311b claim-adjudication process will apply where colon cancer becomes manifest in a radiation-exposed veteran five or more years after that veteran's exposure, 38 C.F.R. § 3.311(b)(4)(iv). Because the evidence before the RO in the instant case indicated that the veteran's colon cancer was first manifested in 1988, more than 40 years after his exposure, the RO followed the procedures of § 3.311b requiring the RO to refer the claim to the VA Chief Benefits Director prior to adjudicating it. 38 C.F.R. § 3.311b(b)(1). The Chief Benefits Director was then required to review the claim in light of several considerations set forth in § 3.311b(e) and to do one of the following: (1) if he concluded that it is at least as likely as not that the veteran's disease resulted from in-service radiation exposure, to so inform the RO in writing, setting forth the rationale for that conclusion; (2) if he concluded that there is no reasonable possibility that the disease resulted from in-service radiation exposure, to so inform the RO in writing, setting forth the rationale for that conclusion; or (3) if he was unable to reach either of the above conclusions, to refer the claim to an "outside consultant" for a written opinion to be referred to the RO. 38 C.F.R. § 3.311b(c) (1992).

Once the review by the Chief Benefits Director and any outside consultant has been completed, the RO, and the BVA where appeal is taken, must adjudicate the claim "under the generally applicable provisions" of law and regulation governing VA adjudications, "giving due consideration to all evidence of record, including any opinion provided by the Chief Medical Director or an outside consultant". 38 C.F.R. § 3.311b(f) (1992); *Douglas v. Derwinski*, 2 Vet.App. 435, 443 (1992) (en banc). The Board's finding that a particular disease did not result from in-service radiation exposure is a finding of fact which the Court reviews on a "clearly erroneous" standard of review. 38 U.S.C.A. § 7261(a)(4) (West 1991); *see Harrison v. Principi*, 3 Vet. App. 532, 533 (1992); *Stegman v. Derwinski*, 3 Vet.App. 228, 229–30 (1992). Pursuant to that standard, the Court must affirm the BVA finding if there is a "plausible" basis in the record for it. *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990).

In the instant case, in view of the opinions from the VA Chief Medical Director and Chief Benefits Director and the absence of any medical evidence suggesting that the veteran's colon cancer is related to service, there is a plausible basis for the Board's finding that the veteran's colon cancer was not related to in-service radiation exposure and, therefore, that conclusion cannot be reversed as clearly erroneous. Moreover, it appears that VA has

properly complied with the procedural requirements of § 3.311b.

■ The appellant asserts that the Board erred in relying on the DNA estimate of the veteran's radiation exposure and in failing to discuss the reliability of the testing and studies which formed the basis for the DNA estimate. Pursuant to 38 U.S.C.A. § 7104(d)(1) (West 1991), the Board is required to provide an adequate statement of the reasons or bases for its findings and conclusions on "all material issues of fact or law presented on the record". *See Gilbert*, 1 Vet.App. at 56–57. In the present case, there is no evidence in the record contradicting the DNA dose estimate, which was based on a DNA scientific study, nor was there any evidence or argument presented to VA or the Board challenging the basis for that DNA estimate. Therefore, on the facts of this case, there was no requirement that the Board specifically discuss the reliability of the DNA scientific report which formed the basis of the DNA estimate of the veteran's radiation exposure. Nor will the Court here address an issue not raised to the Board. *See Branham v. Derwinski*, 1 Vet.App. 93, 94 (1990).

■ The appellant further asserts that VA was required, pursuant to the statutory duty to assist in 38 U.S.C.A. § 5107(a) (West 1991), to seek to obtain copies of private medical records of treatment for a rectal problem dating back to 1948, of which the veteran had put VA on notice. Pursuant to section 5107(a), where, as here, a claimant submits a well-grounded claim for benefits, VA is required to assist the claimant in developing the facts pertinent to the claim. *See Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990) (well-grounded claim is a "plausible claim, one which is meritorious on its own or capable of substantiation"). This duty includes seeking to obtain copies of private medical records of which VA has been put on notice, *see Masors v. Derwinski*, 2 Vet.App. 181, 186–87 (1992), particularly those specifically requested by a claimant, *see Schafrath v. Derwinski*, 1 Vet.App. 589, 593 (1991). In the present case, however, any records of a rectal problem in 1948 would not be pertinent to the veteran's claim of service connection for colon cancer based on in-service radiation exposure. Regulation § 3.311b(b)(4)(iv) expressly provides that the § 3.311b process for establishing service connection for radiogenic disease, which this Court in *Combee* held to be, and which a VA regulation, 38 C.F.R. § 3.311b(h) (1992) as amended effective March 26, 1993, by 58 Fed.Reg. 16358 (Mar. 26, 1993), now provides is, the exclusive means (other than the statutory presumption as to certain diseases set forth in 38 U.S.C.A. § 1112(c)) of establishing service connection based on radiation exposure, applies as to colon cancer only where such cancer was manifested *five years or more* after the veteran's radiation exposure. Therefore, even if the rectal condition first manifest in 1948 were found to represent the onset of colon cancer, such evidence would not be probative of the veteran's entitlement to service connection under § 3.311b based on in-service radiation exposure, because such manifestations in 1948 would be less than five years after the veteran's 1945 radiation exposure. However, as noted in part II.C., below, that evidence is pertinent to the veteran's claim for service connection for a rectal condition, which could conceivably include or be related to his colon cancer, insofar as such claim is not based on radiation exposure.

## B. Paget's Disease

■ Paget's disease is not a presumptive service-connected radiation-exposure disease under 38 U.S.C.A. § 1112(c); nor is it a radiogenic disease under 38 C.F.R. § 3.311b. Therefore, under the Court's opinion in *Combee, supra*, service connection may not be awarded for that disease on the basis that it was caused by in-service radiation exposure. Service connection may be granted for Paget's disease when it is found to have been incurred in or aggravated by service or when it is initially manifested to a 10% degree within one year after separation from service. *See* 38 U.S.C.A. §§ 1110, 1112(a) (West 1991); 38

C.F.R. §§ 3.303(a), (d), 3.307(a), 3.309(a) (1992).

■ In the present case, there is no evidence of record suggesting that the veteran's currently manifested Paget's disease was incurred in or aggravated by his service or was manifested within one year after separation from service. Furthermore, he has not asserted that he had any symptomatology of Paget's disease at any time prior to the 1985 initial diagnosis of that disease reflected in the record on appeal. Therefore, because the veteran did not assert any basis upon which service connection could plausibly be granted, his claim was not well grounded. *See Suttmann v. Brown*, 5 Vet.App. 127, 137–38 (1993); *Grottveit v. Brown*, 5 Vet.App. 91, 92–93 (1993) (whether a claim is well grounded is a question of law, which the Court reviews de novo).

### C. Rectal Condition

■ In view of the medical evidence that the veteran suffered rectal bleeding in 1988 and the veteran's assertions that he had suffered from a similar condition immediately after service and had received medical treatment for that condition in 1948 and subsequently, the veteran reasonably raised to VA and the BVA a claim for service connection for that condition and the Board should have adjudicated that claim or remanded it to the Regional Office (RO) for further development. *See EF v. Derwinski*, 1 Vet.App. 324, 326 (1991) (BVA required to review all issues "reasonably raised from a liberal reading" of "all documents or oral testimony submitted prior to the BVA decision"); 38 C.F.R. § 19.9 (1992) (remand for further development); *see also Bernard v. Brown*, 4 Vet.App. 384, 394 (1993) (BVA may be required to remand reasonably raised claim for adjudication by RO in first instance).

Based on the current evidence of that condition and the asserted medical evidence of surgery for that condition in 1948, the veteran's claim is well grounded, and, hence, VA was required to assist the veteran in developing the facts pertinent to the claim. *See Masors, supra.* Such assis-

tance in this case required the Board to seek to obtain the 1948 medical records which the veteran and his wife had twice explicitly requested VA to seek to obtain, and any other pertinent medical records of which VA was on notice. Remand is thus required for the Board to seek such medical records and to adjudicate the claim for service connection for a rectal condition. Under *Combee*, 4 Vet.App. at 89–91, 94–95, service connection for that condition may not be based on radiation exposure. If, pursuant to evidentiary development on remand, the evidence reasonably raises the issue of service connection for colon cancer on a basis other than in-service radiation exposure—e.g., on the basis of manifestation within the one-year cancer presumption period or evidence otherwise showing service incurrence, *see* 38 U.S.C.A. § 1112(a)(1) (West 1991); 38 C.F.R. § 3.309(a) (tumors, malignant)—the Board shall adjudicate that claim as well.

### III. Conclusion

Upon consideration of the record and the pleadings of the parties, the Court affirms the July 1991 BVA decision denying the colon-cancer and Paget's-disease claims. The Court remands to the Board the veteran's rectal-condition claim for prompt further development and adjudication in accordance with this decision. "On remand, the veteran will be free to submit additional evidence and argument" on the remanded issue. *Quarles v. Derwinski*, 3 Vet.App. 129, 141 (1992).

**AFFIRMED IN PART; REMANDED IN PART.**