**Claude Randy STONE, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 90–498.

United States Court of Veterans Appeals.

Submitted April 15, 1991.

Decided Jan. 6, 1992.

James L. Bowles, was on the brief, for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Robert Morales, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and IVERS, Associate Judges.

IVERS, Associate Judge:

Appellant, Claude R. Stone, appeals from a March 15, 1990, Board of Veterans' Appeals (BVA or Board) decision which waived one fourth of the loan guaranty indebtedness and interest debt owed by him to the Department of Veterans Affairs (VA). The Court finds that the Board provided adequate reasons and bases for its decision not to grant a total waiver for appellant's debt. The Board's decision was neither arbitrary, capricious, nor an abuse of discretion. 38 U.S.C. § 7261(a)(3)(A) (formerly § 4061(a)(3)(A)). Therefore, we affirm the BVA's decision.

## I. BACKGROUND

Appellant served on active duty with the United States Navy from December 3, 1971, to April 6, 1973. On December 30, 1983, appellant obtained a Veterans' Administration (now Department of Veterans Affairs) (VA) guaranteed loan, in the amount of $55,000 from the Victor Federal Savings & Loan Association to purchase a house in Miami, Oklahoma. R. at 10. At the time he received the loan, appellant was employed by B.F. Goodrich in Miami, Oklahoma. In August, 1985, appellant received notice that his plant would be closing. R. at 69. His job was terminated on January 30, 1986. R. at 66. As a result of the plant closing, the job market and property values in Miami drastically declined. Although appellant continued to try to make payments while unemployed, the loan went into default on December 1, 1986. In Feb-

ruary 1987, the lender sent the VA regional office (VARO) in Muskogee, Oklahoma, notices of default and intention to foreclose. R. at 18–19. An order granting foreclosure and directing the sale of the property was entered in the District Court of Ottawa County, Oklahoma on October 27, 1987. R. at 25–27.

The property was appraised at $17,000 and purchased for that amount by the Mortgage Clearing Corporation. R. at 28, 31. On February 23, 1988, the Mortgage Clearing Corporation filed a claim with the VA to recover the deficiency. R. at 33. The VA paid the Mortgage Clearing Corporation $27,685, (R. at 35), and then sought to recover that amount from appellant pursuant to 38 C.F.R. § 36.4323 (1990).

On November 14, 1988, appellant requested a waiver of the debt and submitted details of the events that led to the foreclosure of his house. R. at 38. He filed a financial status report on December 12, 1988, that showed that he had three minor children, his wife was legally blind, and that he had a current mortgage payment of approximately $400 per month. R. at 45–46. The report stated a total monthly net income of $1,789.42 for appellant and $310.00 for his spouse, totaling $2,099.42, with monthly expenditures totalling $2,096.01. However, the report also noted that appellant owned two automobiles and a recreational vehicle. *Id.*

On January 4, 1989, the VARO Committee on Waivers and Compromises (Committee) denied appellant's claim for a waiver of his debt. The Committee determined that he was less than materially at fault in the creation of the debt. However, because appellant was gainfully employed and able to make his current financial obligations, the committee determined that there was not enough evidence to substantiate a claim of undue hardship. The collection of the debt was found not to be against equity and good conscience. R. at 50. Appellant filed a Notice of Disagreement with the Committee's decision on February 24, 1989. R. at 55. Appellant presented sworn oral testimony at a hearing conducted on August 16, 1989. Appellant's service representative stated that collection of the debt would force appellant to file for bankruptcy. Appellant testified that he did not have any job security at his present job. R. at 72–76. On appeal, the BVA granted appellant a partial waiver for one-fourth of the amount owed. *Claude R. Stone*, BVA 90–12000 (Mar. 15, 1990). Appellant made a timely appeal to this Court. This Court has jurisdiction of this case under 38 U.S.C. § 7252(a) (formerly § 4052(a)). *See Smith v. Derwinski*, 1 Vet.App. 267, 278 (1991).

## II. ANALYSIS

▬ Under 38 C.F.R. § 36.4323(a) (1991), the VA has the right of indemnity and subrogation when it has been required to make payment to a lender pursuant to a home loan guaranty. Amounts paid by the VA under a home loan guaranty constitute a debt owed by the veteran to the United States. 38 C.F.R. § 36.4323(e) (1991). The United States Government may proceed to collect a debt established as described above, unless the veteran debtor obtains a release from liability under the guaranty pursuant to 38 U.S.C. § 3713 (formerly § 1813) and 38 C.F.R. § 36.4323(f) (1991) or a waiver of liability pursuant to 38 U.S.C. § 5302 and 38 C.F.R. §§ 1.964 and 1.965 (1991). *Travelstead v. Derwinski*, 1 Vet. App. 344, 346 (1991).

This case deals solely with a waiver of liability. The Court must determine whether the Board's determination was proper under the "equity and good conscience" standard found in 38 U.S.C. § 5302(b); 38 C.F.R. § 1.964(a)(2). 38 C.F.R. § 1.965(a) defines the statutory phrase "equity and good conscience" as:

> The phrase *equity and good conscience* means arriving at a fair decision between the obligor and the Government. In making this determination, consideration will be given to the following elements, which are not intended to be all inclusive:
>
> (1) *Fault of debtor* ....
> (2) *Balancing of faults* ....
> (3) *Undue hardship* ....
> (4) *Defeat the purpose* ....
> (5) *Unjust enrichment* ....

(6) *Changing position to one's detriment ....*

In *Smith,* the Court held:

Waiver decisions, and the review of such decisions by the BVA, are subject to review by this Court to determine whether the statutory standard was applied in accordance with the regulatory guidance or whether the decision was made in an arbitrary or capricious manner. 38 U.S.C. § [7261](a)(3)(A); *See Service v. Dulles,* 354 U.S. 363 [77 S.Ct. 1152, 1 L.Ed.2d 1403] (1957) (holding that a decision committed to the "absolute discretion:" of an agency head is subject to judicial review when the agency has promulgated regulations governing the exercise of such discretion.)

The Scope of review under the "arbitrary and capricious" standard is narrow and a court is not to substitute its judgment for that of the agency. Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a "rational connection between the facts found and the choice made."

*Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 [103 S.Ct. 2856, 2866, 77 L.Ed.2d 443] (1983) (quoting *Burlington Truck Lines, Inc. v. United States,* 371 U.S. 156 [83 S.Ct. 239, 9 L.Ed.2d 207] (1962)).

*Schaper v. Derwinski,* 1 Vet.App. 430, 436 (1991) (quoting *Smith,* at 279).

■ After concluding that the debt was neither the fault of appellant nor of the VA, the Board stated:

As indicated, the primary consideration in applying the standard of equity and good conscience is whether collection of the indebtedness would constitute undue hardship. Undue hardship exists where collection, in installments if necessary, would seriously impair the veteran's ability to provide himself and his dependents with the necessities of life, including food, clothing, shelter, and medical attention. Those require an examination of his current financial status, with attention to his future prospects as well. He

is expected to afford the same attention and expend the same effort in relieving his Government obligations as he does to others.

In the present case, the veteran is a relatively young individual. We note that his financial status report shows that his present income is approximately equal to his expenses. Nevertheless, he is current on all his installment contracts and other debts. In light of these considerations, the Board believes that it would not be against equity and good conscience to ask that he repay a portion of this indebtedness. We note that he can use only one of his vehicles at a time since his wife cannot drive and that he does own a luxury item valued at $12,500. Some of his expenses can be or will be reduced with reasonable management. This will result in his having a positive monthly cash flow so that he can meet his Government obligation to some degree in the same manner that he meets his other obligations. Nevertheless, the board notes that the amount of the loan guaranty indebtedness is large relative to the veterans' income. Moreover, the veteran has three children to support and his wife is disabled. Accordingly, considering all the equities in the case, the Board concludes that a partial waiver is warranted. Hence, a waiver of one-fourth of this indebtedness is granted.

*Stone,* BVA 90–12000, slip at 5–6. The Court finds that the decision satisfies the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)). *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). The Court also finds that the Board's decision to waive approximately $7,000 of the total indebtedness was neither arbitrary, capricious, nor an abuse of the Secretary's discretion.

## III. CONCLUSION

The Court holds that the decision that recovery of all but approximately $7,000 of the *deficiency* would not offend equity or good conscience was neither arbitrary, capricious, nor an abuse of discretion. There-

fore, the BVA decision of March 15, 1990, is AFFIRMED.