**Rudolph NELSON, Jr., Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–1835.

United States Court of Veterans Appeals.

March 1, 1993.

Before STEINBERG, Associate Judge. █

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, veteran Rudolph Nelson, Jr., appeals from a July 18, 1991, Board of Veterans' Appeals (Board or BVA) decision granting a partial waiver of recovery of indebtedness. *Rudolph Nelson, Jr.*, BVA 91–29986 (July 18, 1991). The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Summary disposition is appropriate in this case because it is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet. App. 23, 25–26 (1990). The Court will grant the Secretary's motion and affirm the Board's decision.

The veteran is indebted to the Department of Veterans Affairs (VA) for the principal amount of $14,346.97 as the result of his default on a home loan partially guaranteed by VA. R. at 73. The veteran has not challenged the validity or amount of the debt; rather, he seeks waiver of the debt on the ground that collection would cause him undue financial hardship. R. at 83.

Pursuant to 38 U.S.C.A. § 5302(b) (West 1991), the Secretary is required to waive payment of a veteran's home-loan-guaranty indebtedness to VA when the veteran, following default on the loan, has lost the property and recovery would be against "equity and good conscience". *See Elkins v. Derwinski*, 2 Vet.App. 422, 425 (1992). Determination of whether collection would be against "equity and good conscience" requires consideration of several factors, including whether the veteran was at fault in creating the debt, whether VA was at fault, whether collection of the debt would cause undue hardship upon the veteran and his family, whether recovery would defeat the purpose for which VA benefits were intended, whether failure to make restitution would unjustly enrich the debtor, and whether the debtor's reliance on VA benefits resulted in relinquishment of a right or incurrence of an obligation. 38 C.F.R. § 1.965(a) (1992); *see Elkins, supra.*

█ In reviewing BVA decisions denying waiver of repayment of all or part of a debt, the Court must determine whether the Board's decision was made in an "arbitrary and capricious manner". *See Elkins, supra; Schaper v. Derwinski*, 1 Vet.App. 430, 436 (1991); *Smith (Barbara) v. Derwinski*, 1 Vet.App. 267, 279 (1991); 38 U.S.C.A. § 7261(a)(3)(A) (West 1991). As with all of its decisions, a BVA decision on a claim for complete or partial waiver of indebtedness must be supported by an adequate statement of the reasons or bases for the Board's findings and conclusions. *See* 38 U.S.C.A. § 7104(d)(1) (West 1991); *Elkins*, 2 Vet.App. at 426; *Stone v. Derwinski*, 2 Vet.App. 56, 58 (1992); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56–57 (1990).

█ In its July 1991 decision, the BVA granted the veteran a waiver of repayment of $2,346.97 of the debt but concluded that recovery of the remaining $12,000 of the debt would not be against equity and good conscience. In its "REASONS AND BASES FOR DECISION", the Board offered the following analysis:

After having carefully considered all the evidence of record, as well as the veteran's testimony at his personal hearing, the Board believes that the veteran demonstrated some fault in the creation of the loan guaranty indebtedness. Taken together, the veteran's actions indicate , that he took no steps to either inform VA of the financial problems he was experiencing or to attempt to rectify these problems by selling or renting the property. According to his own testimony, all he did was hire an attorney. There is no indication of record that the attorney ever contacted VA or otherwise attempted to rectify the situation. Accordingly, the Board believes that the veteran demonstrated some fault in this matter.

With respect to financial hardship, the veteran testified at his personal hearing that he worked full time for the United States Postal Service. He stated that he owed child support and had other financial obligations.

The Board has reviewed the financial status report signed by the veteran on September 10, 1990, the day of his personal hearing. This financial status report reveals that the veteran had a monthly surplus of $355. He stated that he would be able to apply $100 of this towards loan guaranty payments.

The Board believes that the veteran is financially able to repay at least some of the loan guaranty indebtedness of $14,-346.97. As to the amounts being repaid, we note that foreclosure proceedings took almost two years to consummate after the date of [the] first uncured default, adding somewhat to the amount of the indebtedness. Some of the delay was evidently due to the veteran's ambivalent stance with respect to the promises to adhere to a repayment schedule set up by the lender. Some of the delay revolved around the veteran's offer of a deed in lieu of foreclosure, which had to be considered by the lender and by VA. Still, however, the lender appears to have been remiss in not pursuing foreclosure proceedings earlier. In a letter, dated October 1984, the lender indicated that a foreclosure summons had not been filed at that time, even though several months had passed after all chances for alternative resolution had ceased to exist. Accordingly, we believe in fairness that the veteran should not be held responsible for the entire amount of the loan guaranty indebtedness. After having carefully considered all the evidence, we believe that enforcement of $12,000 of the loan guaranty indebtedness, if paid in monthly installments over a reasonable amount of time, would not be against equity and good conscience. Recovery of the remaining $2,346.97 of the loan guaranty indebtedness, plus interest is waived.

*Nelson,* BVA 91–29986, at 5–6.

 Although the Board concluded that the veteran was only partially at fault in the creation of the debt, it did not explain what portion of the indebtedness was created as a result of the debtor's fault; nor did it attempt to relate the amount of the waiver to the amount of the veteran's fault. However, it is well established under this Court's precedents that the Board is not required to relate the amount of waiver specifically to the amount of fault in creating the debt. *See Stone,* 2 Vet. App. at 57–58 (upholding BVA grant of partial waiver where Board found veteran to be "less than materially at fault" in creating the debt); *Smith,* 1 Vet.App. at 279–80 (upholding BVA grant of partial waiver where BVA found "no material fault" on claimant's part in creating the debt). Rather, the fault of the claimant is one of several factors which the Board must consider in determining whether waiver is required and, if so, how much of the debt should be waived. *See* 38 C.F.R. § 1.965(a). Where the Board's discussion demonstrates that it has considered in reasonable fashion all the relevant factors under section 1.965(a) in determining whether collection of all or any part of the debt would be against equity and good conscience, the decision will not be found arbitrary and capricious and will not violate the "reasons or bases" requirement of section 7104(d)(1). *See Stone,* 2 Vet.App. at 58; *Smith,* 1 Vet.App. at 280.

In light of these precedents, the Court holds that this discussion satisfies the "reasons or bases" requirement of section 7104(d)(1) and adequately explains to the veteran the reasons for the Board's conclusion that collection of $12,000 of the indebtedness would not be against equity and good conscience. *See Stone, supra; Smith, supra.* The Court further holds that the Board's decision was neither arbitrary, capricious, nor an abuse of the Secretary's discretion. *See Stone, supra; Smith, supra.*

In his brief submitted to this Court, the appellant has asserted several facts tending to show that he has incurred additional financial burdens since the July 1991 BVA decision. This Court's review is limited by statute to review "on the record of proceedings before the Secretary and the Board." 38 U.S.C.A. § 7252(b) (West 1991); *see Rogozinski v. Derwinski,* 1 Vet. App. 19, 20 (1990). Because the facts asserted in the veteran's brief were not before the Secretary or the Board, this Court may not consider them. *See Rogozinski, supra.* The veteran is free to submit such evidence to VA for purposes of reopening his claim for waiver of the remainder of his indebtedness. *See* 38 C.F.R. § 1.969(a) (1992) ("a decision involving waiver may be reversed or modified on the basis of new and material evidence").

Upon consideration of the record, the appellant's informal brief, and the Secretary's motion for summary affirmance, the Court holds that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C.A. §§ 7104(d)(1), 7252, 7261, and the analysis in *Gilbert, supra.* The Court, therefore, grants the Secretary's motion and summarily affirms the BVA's July 18, 1991, decision.

AFFIRMED.