﻿Citation Nr: AXXXXXXXX
Decision Date: 11/27/19 Archive Date: 11/27/19

DOCKET NO. 190312-13197
DATE: November 27, 2019

ORDER

The overpayment debt of Department of Veterans Affairs (VA) compensation benefits in the amount of $11,646.72, resulting from a change in dependency status due to the removal of the Veteran’s spouse was proper, and the appeal is denied.

Entitlement to a waiver of recovery of an overpayment of VA compensation benefits awarded from November 2011 to June 2013 is denied.

Entitlement to a waiver of recovery of an overpayment debt of VA compensation benefits awarded from July 2013 to November 2017 is granted.

FINDINGS OF FACT

1. In June 2013, the Veteran informed VA of his divorce from his spouse, which was effective in October 2011.

2. The overpayment of compensation benefits is due, at least in part, to the Veteran’s failure to timely notify VA of the change in dependency status that generated an overpayment debt for the period from November 2011 to June 2013.

3. The Veteran knew, or should have known, that compensation benefit payments from November 2011 to June 2013 were erroneous.

4. The overpayment debt is not a result of sole administrative error.

5. This overpayment was not due to the Veteran’s fraud, misrepresentation or bad faith.

6. From November 2011 to June 2013, the Veteran was at fault for receipt of the additional compensation benefits for his spouse due to the delayed notification of his divorce. 

7. From July 2013 to November 2017, VA was at fault for the continued award due to the delayed adjustment of the Veteran’s compensation benefits.

8. The evidence demonstrates that collection of the overpayment debt would seriously impair the Veteran’s ability to provide himself and his family with basic necessities.

9. Since the Veteran was divorced during the pertinent period, the recovery of the overpayment would not defeat the purpose for which the benefits were intended, namely, payment of additional compensation to support a spouse.

10. Waiver of recovery of the overpayment would constitute an unjust enrichment to the Veteran by paying additional benefits for an individual that was no longer a dependent.

11. The evidence does not show that the Veteran incurred a legal obligation or changed his position to his detriment in reliance upon the receipt of VA benefits.

CONCLUSIONS OF LAW

1. The overpayment of VA compensation benefits in the amount of $11,646.72, was properly created. 38 U.S.C. §§ 5110, 5112; 38 C.F.R. §§ 3.4, 3.500, 3.501.

2. Recovery of the overpayment of VA compensation benefits incurred from November 2011 to June 2013 would not be against equity and good conscience and, therefore, may not be waived. 38 U.S.C. §§ 5107, 5302(a); 38 C.F.R. §§ 1.963(a), 1.965(a).

3. Recovery of the overpayment of VA compensation benefits incurred from July 2013 to November 2017 would be against equity and good conscience and is therefore waived. 38 U.S.C. §§ 5107, 5302(a); 38 C.F.R. §§ 1.963(a), 1.965(a).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from August 1989 to August 1993.

This appeal stems from a February 2018 decision on waiver of indebtedness from the Committee on Waivers and Compromises (COWC), which denied waiver of an overpayment debt of $11,646.72, for the period of November 1, 2011, through November 30, 2017.

In August 2018, the Veteran opted-in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election, seeking a higher-level review of his claim. The rating decision with respect to that election was issued in February 2019. In an April 2019 election form, the Veteran elected a direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ) by the Board of Veterans’ Appeals (Board), without the submission of evidence or a hearing before the Board. 38 C.F.R. § 19.2(d) (February 19, 2019).

Validity of the Debt

The Veteran asserts that he timely reported his divorce from his spouse and that VA is responsible for the creation of the overpayment debt because it was solely administrative error on the part of VA for not timely adjusting his compensation benefits award. See 38 U.S.C. § 5112(b)(10); 38 C.F.R. § 3.500(b)(2) (finding the effective date of a reduction or discontinuance of compensation by reason of an erroneous award based solely on administrative error or error in judgment shall be the date of last payment). However, the Board finds the evidence of record supports a finding that the creation of the overpayment debt was proper. 

Initially, the Board acknowledges the Veteran’s contentions that he notified VA of his divorce in a timely manner by reporting such to the Veterans Health Administration; however, such is not reflected in the record. See Rizzo v. Shinseki, 580 F.3d 1288, 1292 (Fed. Cir. 2008) (the presumption of regularity provides that, in absence of clear evidence to the contrary, it is presumed that public officers have properly discharged their official duties). Rather, the record reflects that VA first received notice of his divorce in a June 2013 telephone call. 

As the evidence of record does not support a finding that the Veteran timely notified VA of his change in dependency status, the Board finds his failure to act contributed to the creation of the overpayment debt. Moreover, the Board finds that the Veteran also had knowledge, or should have known, that the compensation payments between November 2011 and June 2013 were not reduced in a timely manner and resulted in an erroneous award. Therefore, any delay in the adjustment of his compensation benefits by VA was not the only cause of the overpayment debt and does not constitute sole administrative error. 38 U.S.C. § 5112(b)(10); 38 C.F.R. § 3.500(b)(2); Jordan v. Brown, 10 Vet. App. 171 (1997) (sole administrative error is not present if the payee knew, or should have known, that the payments were erroneous). 

The Board acknowledges the Veteran’s frustration caused by the delay in properly processing the change in his dependency award but is bound by the laws and regulations prohibiting any person from receiving additional VA compensation for an individual that is no longer a dependent. 38 C.F.R. § 3.4. As the Veteran received higher compensation benefits payments to which he was not entitled due, in part, to his failure to timely notify VA of his divorce, the overpayment was properly created.

Waiver 

The February 2018 decision on waiver of indebtedness on appeal did not find fraud, misrepresentation, or bad faith on the Veteran’s part. The Board agrees with this determination. See 38 C.F.R. § 1.963(a) (in cases where there is no fraud, misrepresentation, or bad faith on the veteran’s part with respect to the creation of the overpayment at issue, waiver is not precluded pursuant to 38 U.S.C. § 5302(a)). 

The Veteran generally asserts that waiver is warranted because he was not at fault for the delayed adjustment of his compensation benefits award and that recovery of the overpayment debt causes undue hardship. In January 2018, he returned a VA Form 5655, Financial Status Report, which showed monthly expenses that exceeded his monthly income and showed that his assets consisted of a car worth $15,000 and $900 in the bank. He also indicated in March 2018 correspondence to his congressman that repayment of the debt would impact his ability to remain housed. 

The Board must determine whether recovery of the indebtedness would be against equity and good conscience, thereby permitting waiver under 38 U.S.C. § 5302(a) and 38 C.F.R. §§ 1.963(a), 1.965(a). The standard of “equity and good conscience” will be applied when the facts and circumstances indicate a need for reasonableness and moderation in the exercise of the Government’s rights. 38 C.F.R. § 1.965(a) (outlining the elements of equity and good conscience as: (1) fault of debtor, where actions of the debtor contribute to creation of the debt; (2) balancing of faults, weighing fault of debtor against VA fault; (3) undue hardship, whether collection would deprive debtor or family of basic necessities; (4) defeat the purpose, whether withholding of benefits or recovery would nullify the objective for which benefits were intended; (5) unjust enrichment, failure to make restitution would result in unfair gain to the debtor; (6) changing position to one’s detriment, reliance on VA benefits results in relinquishment of a valuable right or incurrence of a legal obligation.).

The first and second elements pertain to the fault of the debtor versus the fault of VA. In this case, the Veteran has generally argued that VA was at fault because he timely notified VA of his divorce. However, the Board finds the Veteran at fault in the creation of the overpayment of compensation benefits prior to July 2013 because he was notified to update VA for any change in marital status, to include divorce. As explained above, the evidence of record demonstrates that the Veteran first notified VA of his divorce in June 2013, approximately 20 months after such had been finalized. However, the Board finds that VA bears fault for not implementing the adjustment to the Veteran’s disability compensation award after he provided notice of his divorce in June 2013. In this regard, the record reflects that the Veteran was told in June 2013 that he would receive a notice letter from VA’s debt center regarding any overpayment. However, VA failed to take action until the Veteran submitted his divorce decree in August 2017, which triggered a December 2017 letter from the Debt Management Center.

With regard to the third element, the Board finds the evidence is at least in equipoise that recovery of the overpayment debt would result in undue hardship based on the Veteran’s self-reported VA Form 5655, which notes expenses which exceed his income by approximately $829 a month, as well as his statement that repayment of the debt would put his residence in jeopardy. Furthermore, the proposed monthly withholdings of $971, outlined in the December 2017 notification from the Debt Management Center, would bring his uncovered monthly expenses to $1800. See Stone v. Derwinski, 2 Vet. App. 56, 58 (1992) (explaining that undue hardship exists where collection, in installments if necessary, would seriously impair the appellant’s ability to provide himself and his family with the necessities of life, including food, clothing, shelter, and medical attention, through examination of his current financial status with attention to his future prospects). 

With regard to the fourth element, the Board notes that recovery of the debt would not defeat the underlying objective of the benefit, paying the additional compensation benefits to support a spouse, as the purpose of paying additional compensation was nullified by his divorce. 

With regard to the fifth element, the Board finds waiver of recovery of the overpayment would constitute an unjust enrichment to the Veteran because he would be allowed to retain funds to which he was not legally entitled. 

Finally, with regard to the sixth element, there is no indication that the Veteran incurred a legal obligation or changed his position to his detriment in reliance upon the receipt of VA disability compensation benefits that included compensation for a spouse.

Based on the above, the Board finds the weight of the elements of equity and good conscience are not in the Veteran’s favor prior to July 2013. Specifically, even though there is evidence of financial hardship, the Board finds the evidence of fault on the part of the Veteran and unjust enrichment if he were to be allowed to retain the funds awarded from November 2011 to June 2013 to weigh significantly against waiver. Further, the lack of nullification of the purpose for which the benefits were intended nor any reliance on the benefit to his detriment supports a conclusion that failure to make restitution would result in unfair gain to the debtor and unjust enrichment at the expense of the government. As such, the elements supporting recoupment of the overpayment debt outweigh the elements in favor of a waiver of recovery, particularly the finding of fault and unjust enrichment. The Board concludes that the standard of equity and good conscience may not be applied from November 2011 to June 2013. Waiver of recovery of the overpayment debt assessed from November 2011 to June 2013 is denied.

However, the Board does find the weight of the elements of equity and good conscience are in the Veteran’s favor from July 2013 to November 2017. Notably, the lack of fault for this portion of the overpayment debt is particularly favorable to the Veteran. The combined elements of lack of fault and evidence of financial hardship are highly probative evidence in support of waiver of the remaining debt. Although recovery of the debt does not defeat the underlying objective of the benefit and he did not rely on the benefit to his detriment, the Board concludes that the elements in favor of waiver of recovery outweigh the elements supporting collection. 

Accordingly, the standard of equity and good conscience is applicable to the overpayment debt assessed from July 2013 to November 2017. Waiver of recovery of the overpayment debt is warranted from July 2013 to November 2017; to that extent, the claim is granted.

 

SHAUNA WATKINS

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A.Z., Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.