﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 191127-45838
DATE: July 31, 2020

ORDER

The overpayment of Department of Veterans Affairs (VA) compensation benefits in the calculated amount of $42,107.86 was validly created.

Waiver of recovery of the overpayment of VA compensation benefits in the calculated amount of $42,107.86 is denied.

FINDINGS OF FACT

1. The Veteran received VA compensation benefits in the calculated amount of $42,107.86 that she was not legally entitled to keep; the overpayment was not the result of sole VA error. 

2. Recovery of the overpayment of VA compensation benefits in the calculated amount of $42,107.86 would not be against the principles of equity and good conscience.

CONCLUSIONS OF LAW

1. The overpayment of VA compensation benefits in the calculated amount of $42,107.86 was validly created. 38 U.S.C. §§ 5112, 5302, 5304, 5314; 38 C.F.R. §§ 1.911, 1.962, 1.965, 3.500, 3.654, 3.700.

2. The criteria for waiver of recovery of the overpayment of VA compensation benefits in the calculated amount of $42,107.86 have not been met. 38 U.S.C. § 5302; 38 C.F.R. §§ 1.962, 1.963, 1.965.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from September 2005 to August 2010, and from August 2016 to September 2018. She also had service in reserve components of the military, to include a period of active duty for training from June 1991 to October 1991.

This matter comes to the Board of Veterans’ Appeals (Board) on appeal from an October 2019 decision issued by the Committee on Waivers and Compromises at the VA Regional Office (RO) in Milwaukee, Wisconsin. That decision noted, in part, that the original calculated amount of the overpayment was $44,571.70, but that an adjustment had reduced the amount to $42,107.86. The Veteran submitted a timely VA Form 10182, requesting direct review of the evidence considered by the agency of original jurisdiction (AOJ) pursuant to the Appeals Modernization Act (AMA). See November 2019 VA Form 10182; 38 C.F.R. § 20.202(b)(1).

Overpayment

An overpayment is created when VA determines that a beneficiary or payee has received monetary benefits to which he or she is not entitled. See 38 U.S.C. § 5302; 38 C.F.R. § 1.962. An overpayment may arise from virtually any benefits program administered pursuant to VA law, including pension, compensation, dependency and indemnity compensation (DIC), educational assistance benefits and subsistence allowance, insurance benefits, burial and plot allowances, clothing allowance, and automobile or other conveyance and adaptive equipment allowances. 38 C.F.R. § 1.956(a). 

VA generally is required to recover erroneous VA payments or overpayment of benefits. See Edwards v. Peake, 22 Vet. App. 57, 59 (2008); 38 U.S.C. § 5314(a) (generally requiring VA to deduct from future benefit payments a debt arising from a person's participation in a VA benefits program); 38 C.F.R. § 1.912a(a) (same); 38 U.S.C. § 5316 (authorizing VA to recover benefits-related debt by bringing a suit if the person fails to appropriately respond to reasonable administrative efforts to collect the debt). Whenever the Secretary finds that an overpayment has been made to a veteran or other eligible person, the amount of such overpayment shall constitute a liability of such veteran or eligible person to the United States. 38 U.S.C. § 3685; Mountford v. Shinseki, 24 Vet. App. 443, 450, n.6 (2011).

1. Whether the overpayment of VA compensation benefits in the calculated amount of $42,107.86 was validly created.

The preliminary issue of the validity of a debt is a threshold determination that must be made prior to a decision on a request for waiver of the indebtedness. See Schaper v. Derwinski, 1 Vet. App. 430, 437 (1991). In other words, before deciding a request for waiver, VA must first consider the validity of the debt. See also 38 U.S.C. § 5314(b) (prohibiting offset of a debt from future benefit payments unless VA first makes a determination with respect to the beneficiary's dispute of the existence or amount of debt). A debtor may dispute the amount or existence of a debt, which is a right that may be exercised separately from a request for waiver or at the same time. See 38 C.F.R. § 1.911(c)(1); VAOPGCPREC 6-98. The propriety and amount of the overpayment at issue are matters that are integral to a waiver determination. See Schaper, 1 Vet. App. at 434. 

For a determination that the overpayment was not properly created, such that the debt was not valid, it must be established that the appellant was either legally entitled to the benefits in question or, if the appellant was not legally entitled, then it must be shown that VA was solely responsible for the appellant being erroneously paid benefits. Administrative errors include all administrative decisions of entitlement, whether based upon mistake of fact, misunderstanding of controlling regulations or instructions, or misapplication of law. VAOPGPREC 2-90 (July 17, 1989), 55 Fed. Reg. 27757 (1990). Sole administrative error connotes that the appellant neither had knowledge of nor should have been aware of the erroneous award. Further, neither the appellant's actions nor his or her failure to act must have contributed to payment pursuant to the erroneous award. 38 U.S.C. § 5112(b)(9), (10); 38 C.F.R. § 3.500(b)(2); Jordan v. Brown, 10 Vet. App. 171 (1997) (sole administrative error is not present if the payee knew, or should have known, that the payments were erroneous). Thus, a finding of sole administrative error requires not only error on the part of VA, but that the beneficiary is unaware that the payments were erroneous.

When an administrative error or error in judgment by VA is the sole cause of an erroneous award, the award will be reduced or terminated effective the date of last payment. 38 C.F.R. § 21.9635(r). If fault for an overpayment cannot "clearly be ascribed to the beneficiary," VA's policy is to assume that fault and not create a debt against the beneficiary. Dent v. McDonald, 27 Vet. App. 362, 380 (2015) (citing VAOPGCPREC 2-90 (March 1990)). However, when both VA and the beneficiary are partially at fault, the debt based on the effective date of reduction or discontinuance of benefits is properly created. See Jordan v. Brown, 10 Vet. App. 171, 174 (1997).

In this case, the overpayment was created based upon the number of drill dates for the Veteran for FY 2014, and her period of active duty from August 2016 to September 2018. During those periods, she also received VA compensation pay. The provisions of 38 U.S.C. § 5304(c) prohibit the receipt of VA disability compensation benefits for any period for which the person receives active service pay. 38 C.F.R. §§ 3.654, 3.700. This includes active duty pay, drill, and active duty for training payments, and inactive duty for training payments made to reservists and members of the National Guard.

The Veteran has not disputed the number of drill dates in FY 2014 that were used to calculate the overpayment in this case, nor the dates that she was on active duty from August 2016 to September 2018. Further, she has not disputed the calculated amount of the overpayment. The Board finds that the overpayment in this case reflects VA compensation benefits in the calculated amount of $42,107.86 which were received by the Veteran and that she was not legally entitled to keep.

The Board further finds that the creation of the overpayment was not the result of sole VA error. In pertinent part, VA’s actions in creating the overpayment are consistent with the aforementioned legal prohibition against the concurrent receipt of VA compensation and active duty pay. Moreover, the Veteran acknowledged in her Form 10182 that she had at least some responsibility in the creation of the overpayment. Although she contended that VA also had at least some responsibility in this case, such contentions go to the balancing of faults, which is properly addressed in the waiver of overpayment issue adjudicated below; and does not demonstrate the type of sole VA error which pertains to whether the overpayment was validly created.

In light of the foregoing, the Board finds that the overpayment of VA compensation benefits in the calculated amount of $42,107.86 was validly created. Therefore, this aspect of the Veteran’s appeal must be denied.

2. Waiver of recovery of overpayment of VA compensation benefits in the calculated amount of $42,107.86

Recovery of overpayment of any benefits made under laws administered by VA shall be waived if there is no indication of fraud, misrepresentation, or bad faith on the part of the person or persons having an interest in obtaining the waiver, and recovery of the indebtedness from the payee who received such benefits would be against equity and good conscience. 38 U.S.C. § 5302; 38 C.F.R. §§ 1.963(a). However, if there is an indication of fraud, misrepresentation, or bad faith in the creation of the overpayment, waiver of the overpayment is precluded. See 38 U.S.C. § 5302(a); 38 C.F.R. §§ 1.962, 1.963, 1.965. Bad faith is defined as "a willful intention to seek an unfair advantage." Richards v. Brown, 9 Vet. App. 255, 257-58 (1996). The provisions of 38 C.F.R. § 1.965(b)(2) define bad faith as an unfair or deceptive dealing by one who seeks to gain thereby at another's expense.

In this case, the October 2019 decision found no evidence of fraud, bad faith, or misrepresentation on the part of the Veteran in the creation of the overpayment. Under the AMA, the Board is bound by those favorable determinations. 38 C.F.R. § 3.104(c).

If there is no evidence of fraud, misrepresentation or bad faith, then a request for a waiver will be adjudicated under the standard of "equity and good conscience." This standard will be applied when the facts and circumstances in a particular case indicate a need for reasonableness and moderation in the exercise of the Government's rights. The decision reached should not be unduly favorable or adverse to either side. The phrase "equity and good conscience" means arriving at a fair decision between the obligor and the Government. In making this determination, consideration will be given to the following elements, which are not intended to be all-inclusive: 

1. Fault of debtor. Where actions of the debtor contribute to creation of the debt. 

2. Balancing of faults. Weighing fault of debtor against VA fault. 

3. Undue hardship. Whether collection would deprive debtor or family of basic necessities. 

4. Defeat the purpose. Whether withholding of benefits or recovery would nullify the objective for which the VA benefits were intended. 

5. Unjust enrichment. Failure to make restitution would result in unfair gain to the debtor. 

6. Changing position to one's detriment. Reliance on VA benefits results in relinquishment of a valuable right or incurrence of a legal obligation. 

38 C.F.R. § 1.965(a). 

Initially, the Board finds that the Veteran does not contend, nor does the record otherwise reflect, that recovery of the overpayment in this case would defeat the purpose for which the benefit was intended. Similarly, she has not contended nor does the record otherwise reflect that she relinquished a valuable right or incurred a legal obligation in reliance upon the VA compensation benefits in question.

The Board must also find that waiver of recovery of the overpayment would unjustly enrich the Veteran. Specifically, she would be allowed to keep compensation benefits she was not legally entitled to receive.

Regarding the question of fault, the Veteran acknowledged in her Form 10182 that she did have at least some responsibility in this case, but also contended that VA did as well.

The Board finds that the Veteran was at fault in that she kept VA compensation benefits she was not legally entitled to receive. In pertinent part, the Veteran knew or should have known of the legal prohibition against the concurrent receipt of VA compensation benefits and active duty pay. The law provides that persons dealing with the government are charged with knowledge of federal statutes and lawfully promulgated agency regulations "regardless of actual knowledge of what is in the regulations or of the hardship resulting from innocent ignorance." See Morris v Derwinski, 1 Vet. App. 260, 265 (1991) (citing Fed. Crop Ins. Corp. v. Merrill, 332 U.S. 380 (1947); see also Dent v. McDonald, 27 Vet. App. 362, 382 (2015) (a beneficiary is charged with knowing the rules governing compensation).

Moreover, the Veteran was provided VA Forms 21-8951, Notices of Waiver of VA Compensation or Pension to Receive Military Pay and Allowances, on multiple occasions, to include in 2015, 2016, 2017, 2018, and 2019. The purpose of these forms is to notify a veteran that VA has received information (from the Defense Manpower Data Center) that she was serving on active duty while also receiving VA benefits; to give the veteran an opportunity to correct that information; and to give the veteran an opportunity to waive receiving either his/her military pay or VA compensation benefits. The form notifies a veteran that VA will waive VA compensation or pension for the number of training days unless a waiver is received from a veteran. Here, no such waiver was received from the Veteran regarding the dates she received active duty pay which resulted in the overpayment that is the focus of this appeal.

The Board must also find little or no fault on the part of VA in the creation of the overpayment. Although the Veteran contended in her Form 10182 that VA had at least some responsibility in the awarding of benefits, she did not identify any specific action by VA that constitutes fault in the creation of the overpayment. Further, it appears VA took proper action once informed that the Veteran was in receipt of active duty pay concurrent with her VA compensation.

The Veteran has contended that recovery of the overpayment would result in financial hardship and submitted a Financial Status Report dated in May 2019 in support of that contention. In pertinent part, she emphasized her efforts to pay her bills on time and to generate income to send her children to college. She also stated that she spent a lot of money and created unnecessary debt due to some personal issues that developed, that she did not know how to cope, and used spending as a coping mechanism. The form reflects that her monthly expenses exceed monthly income by $216.36. 

The Board notes, however, the Veteran reported that she could pay $300 per month toward her debt/overpayment. She also reported assets in excess of $53,000, to include $2,500 in cash, and rental properties.

The Board further notes the information the Veteran provided regarding installment contracts and other debts indicates certain debts should either be satisfied or reduced such that the monthly payment would be less than what was listed on the May 2019 Financial Status Report. For example, she reported an unpaid balance of $12,050 for one car loan for which she paid $977 per month; which would indicate that the unpaid balance would be satisfied within a period of approximately 13 months. Similarly, she reported an unpaid balance of $18,718.26 for which she paid $3,650 per month; which would indicate that the unpaid balance would be satisfied within a period of approximately 6 months. Granted, these calculations do not reflect what portion of the payments might be for satisfaction of any interest associated with the debts, as that information is not demonstrated in the evidence that was part of the AOJ’s direct review. Nevertheless, it does reflect that the amount of the unpaid balance would at least be substantially reduced such that the amount of the monthly payment would be less than that which was reported in May 2019.

In light of the foregoing, the Board finds payment of the VA debt would not deprive the Veteran of basic necessities and that the evidence does not indicate that she cannot repay the indebtedness, particularly if she is allowed to make payments in installments over a period of time. See 38 C.F.R. § 1.917; see also Stone v. Derwinski, 2 Vet. App. 56, 58 (1992) (once the necessary living expenses have been met, the debtor will be expected to accord a government debt the same regard given any other debt.). In this regard, the May 2019 demand letter stated that the Veteran could request an extended monthly recoupment plan, and she has indicated she is willing to engage in such an arrangement.

For all these reasons, the Board finds that recovery of overpayment of VA compensation benefits in the calculated amount of $42,107.86 would not be against the principles of equity and good conscience. The claim for waiver of recovery of the overpayment must be denied. 

 

DAVID A. BRENNINGMEYER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board John Kitlas, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.